FILED

2010 JUL -6 PM 3:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff/Respondent,<br>vs.<br><br>VIRGILIO FLORES-GARCIA,<br><br>                    Defendant/Petitioner. | CASE NO. 08-cv-0892 BEN<br>      (07-cr-0565 BEN)<br><br>ORDER DENYING MOTION TO VACATE AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Docket No. 36) |

Before this Court is Defendant/Petitioner Virgilio Flores-Garcia's ("Petitioner's") Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"), claiming (1) ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights; and (2) clear conduct and rehabilitative efforts warrant downward departure at resentencing.

For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## RELEVANT BACKGROUND

On February 22, 2007, Petitioner drove across the Highway 111 checkpoint in Niland, California. Border patrol found approximately 30.81 kilograms of white substance, at least some of which tested positive for cocaine, hidden in his vehicle. Petitioner stated he did not know what the vehicle contained, but that he believed he was transporting narcotics.

On June 29, 2007, Petitioner pled guilty to Importation of Cocaine in violation of 21 U.S.C. §§ 952, and 960. (Docket Nos. 20-22.) Petitioner also signed a plea agreement. (*Id.*) The plea agreement acknowledged that Petitioner's base offense level was 34, but that it could be reduced to

31 if a role reduction applied. *Id.* at ¶ X. The parties further agreed to a two-level downward departure for Minor Role, a three-level downward departure for Acceptance of Responsibility, and a two-level departure for Safety Valve, thereby bringing Petitioner's adjusted offense level to 24. *Id.* The plea agreement contained a waiver provision stating Petitioner waived his right to collaterally attack the conviction and sentence, "unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing." *Id.* at ¶ XI.

On January 25, 2008, this Court accepted Petitioner's plea of guilty and sentenced him to 51 months' custody followed by 5 years of supervised release. (Docket No. 34; Opp., Ex. D.)

On May 19, 2008, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. Respondent filed an opposition; Petitioner did not file a reply.

For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## DECISION

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated when his counsel purportedly failed to argue that Petitioner merited a two-level downward departure based on deportable alien status. According to Respondent, this argument collaterally attacks Petitioner's sentence and, thus, is waived pursuant to the parties' plea agreement.

#### A. WAIVER

This Court, as affirmed by the Ninth Circuit, has held that "that a plea agreement's [collateral attack] waiver provision bars claims of effective assistance that do not implicate the validity of the waiver itself." *United States v. Racich*, 35 F. Supp. 2d. 1206, 1218 (S.D. Cal. 1999), *aff'd*, 215 F.3d 1335 (9th Cir. 2000); *see also United States v Magueflor*, 220 Fed. Appx. 603, 604-05 (9th Cir. 2007). As Judge Rhoades in *Racich* explained, this narrow approach makes sense, as a contrary one would render bargained-for waivers meaningless: a prisoner could then assert any claim in a Section 2255 motion simply by prefacing each argument with words, "My attorney rendered ineffective assistance by. . ." *Id.*

Petitioner's ineffective assistance claim in this case merely alleges Petitioner's counsel failed to take certain actions at sentencing, *after* Petitioner had pleaded guilty. (Mot., pgs. 2.) Petitioner's claim, therefore, does not implicate the validity of his waiver. Thus, if Petitioner's waiver is valid, the waiver bars Petitioner from asserting his ineffective assistance claim.

The issue is now whether Petitioner's waiver is valid. As noted, the parties' plea agreement stated, in part, that Petitioner waived his right to collaterally attack his conviction and sentence, "unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing." (Opp., Ex. A at ¶ XI.)

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term of the plea agreement and the defendant states she understands the agreement, she has knowingly and voluntarily waived her right to appeal. *Michlin*, 34 F.3d at 898-99.

The plea agreement's language in this case clearly embraces a waiver of any collateral attack on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997) (per curiam). The record also reflects that Petitioner's waiver was knowing and voluntary, as evidenced by his initials on each page of the plea agreement and his signature at the end of the agreement. The Magistrate Judge likewise found that Petitioner was competent, that there was a factual basis supporting the plea, and that the plea was knowingly and voluntarily made. (Opp., Ex. B at pg. 2.) Therefore, the Court finds that Petitioner's waiver was made knowingly and voluntarily and, thus, is valid.

The exceptions to waiver set forth in the plea agreement also do not apply. Those exceptions include where the Court imposes a sentence greater than the high end of the guideline range or the statutory mandatory minimum, if applicable. (Opp., Ex. A at ¶ XI.) According to Defendant, the applicable sentencing range in this case was between 51 and 63 months (Opp., Ex. C at pg. 7); the statutory mandatory minimum was 120 months (*see* 21 U.S.C. §§ 952, 960). On January 25, 2008,

1  the Court imposed a sentence of 51 months. (Opp., Ex. D.) The Court's sentence clearly did not
2  exceed the high end of the guideline range, nor did it exceed the statutory mandatory minimum. Thus,
3  the exceptions to Petitioner's waiver do not apply.
4        In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner waived
5  his right to claim ineffective assistance of counsel.
6        **B.**    *STRICKLAND* **ELEMENTS**
7        Notwithstanding waiver, the Court finds Petitioner's ineffective assistance claim lacks merit.
8        The Sixth Amendment affords each criminal defendant a general right to effective assistance
9  of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d
10 1148, 1160-61 (9th Cir. 2006). Under the United States Supreme Court's decision in *Strickland*, a
11 defendant who complains that his attorney has provided ineffective assistance must demonstrate: (1)
12 the attorney's performance "fell below an objective standard of reasonableness;" and (2) there exists
13 "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
14 would have been different." *Strickland*, 466 U.S. at 687-88. Petitioner fails to satisfy these elements.
15       First, the Court finds Petitioner has failed to demonstrate that his counsel's performance "fell
16 below an objective standard of reasonableness." Strategic choices made by counsel are virtually
17 unchallengeable in effective assistance of counsel claims, "[b]ecause advocacy is an art and not a
18 science, and because the adversary system requires deference to counsel's informed decisions, strategic
19 choices must be respected in these circumstances if they are based on professional judgment."
20 *Strickland*, 466 U.S. at 681. Due to the difficulty of evaluating an attorney's performance in hindsight,
21 courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable
22 assistance." *Strickland*, 466 U.S. at 689; *Jeronimo*, 398 F.3d at 1155.
23       Here, Petitioner alleges he received "ineffective assistance of counsel at sentencing" when his
24 counsel failed to assert Petitioner's status as a deportable alien, a status that allegedly warrants a 2
25 point downward departure at sentencing. (Motion, pgs. 4-5.) However, the Court notes that
26 Petitioner's sentencing and the Government's recommendation on sentencing was negotiated as part
27 of the Petitioner's plea agreement. (Opposition, Ex. A at pgs. 7-8.) Petitioner fails to produce any
28 evidence showing his counsel did not, as part of that negotiation process, take into account Petitioner's

1 deportable alien status and the purported downward departures based thereon. The record further
2 shows that Petitioner's counsel requested several departures based on aberrant behavior, family
3 circumstances, socio-economic status, lack of criminal history, length of time from commission of first
4 offense, employment history and the resolution of the case. (Opp., Ex. C at pg. 8-9.) Under these
5 circumstances, it cannot be said that counsel's failure to also argue deportable alien status fell below
6 the standard for criminal counsel.

7 Second, the Court finds Petitioner has failed to show "a reasonable probability that, but for
8 counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,
9 466 U.S. at 688 and 694. The record shows that Petitioner received a substantial number of reductions
10 at sentencing. (Opp., Ex. C at pg. 7.) Petitioner fails to produce any argument or evidence showing
11 that, even if Petitioner's counsel had directly raised the argument at sentencing, Petitioner would have
12 been entitled to a 2-point downward departure based on deportable alien status. A downward
13 departure based on deportable alien status is not provided for in the Sentencing Guidelines; rather,
14 courts are permitted to consider this factor in sentencing because deportable aliens are not released
15 back into the community after serving their sentence and, therefore, do not qualify for spending the
16 last 10% of their prison term in community confinement under 18 U.S.C. § 3624(c). *United States v.*
17 *Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996).

18 To award a downward departure based on deportable alien status, the circumstances of the case
19 "must be found unusual enough for it to fall outside the heartland of cases," and while "bear[ing] in
20 mind the Commission's expectation that departures based on grounds not mentioned in the
21 [Sentencing] Guidelines will be 'highly infrequent.'" *Cubillos*, 91 F.3d at 1345 (citing *United States*
22 *v. Koon*, 518 U.S. 81 (1996).) The "heartland of cases" generally refers to the typical cases that the
23 Sentencing Guidelines are intended to cover. *Koon*, 518 U.S. at 81-82 ("The Commission states that
24 it has formulated each Guideline to apply to a 'heartland' of typical cases and that it did not
25 'adequately ... conside[r]' atypical cases, 1995 U.S.S.G. ch. 1, pt. A, intro. comment. 4(b).").

26 It is not uncommon for courts to refuse to depart downward based on deportable alien status,
27 finding that the circumstances of the case did not fall outside the heartland of the cases. *See United*
28 *States v. Romero,* 293 F.3d 1120, 1127 (9th Cir. 2002) (affirming district court's judgment and refusal

to depart downward despite defendant's status as a deportable alien); *United States v. Davoudi*, 172 F.3d 1130, 1134 (9th Cir. 1999) (same).

Here, Petitioner has failed to demonstrate how the circumstances of this case fall outside the "heartland of cases" such that a downward departure based on deportable alien status would apply. As such, the Court finds Petitioner has failed to show he was prejudiced by any purported ineffective assistance of counsel at sentencing and, thus, has failed to satisfy the *Strickland* elements necessary for his ineffective assistance of counsel claim.

## II. PETITIONER'S REQUEST TO CONSIDER "CLEAR CONDUCT" AND POST-SENTENCING REHABILITATIVE EFFORTS IS RENDERED MOOT

Petitioner argues that, should this Court grant re-sentencing, Petitioner is entitled to an additional downward departure based on his "clear conduct" and post-sentence rehabilitative efforts. (Motion, pg. 3.) The Court first notes that, even if it were to grant re-sentencing, Petitioner's post-sentencing rehabilitative efforts are irrelevant and the Court may not consider them based on the express provisions of U.S.S.G. §5K2.19. Nevertheless, because this Court finds that Petitioner is not entitled to re-sentencing, Petitioner's request is rendered moot.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Petitioner's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 36).

**IT IS SO ORDERED.**

DATED: 6/30, 2010

Honorable Roger T. Benitez
Judge United States District Court